UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CRUMP, | Case No. 20-cv-09474-PJH |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| INTERNAL REVENUE SERVICE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeds with a pro se case in this court.  He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

United States District Court
Northern District of California

1  to relief' requires more than labels and conclusions, and a formulaic recitation of the

2  elements of a cause of action will not do. . . .   Factual allegations must be enough to

3  raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

4  U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state

5  a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme

6  Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal

7  conclusions can provide the framework of a complaint, they must be supported by factual

8  allegations.  When there are well-pleaded factual allegations, a court should assume their

9  veracity and then determine whether they plausibly give rise to an entitlement to relief."

10  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

11      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

12  elements: (1) that a right secured by the Constitution or laws of the United States was

13  violated, and (2) that the alleged deprivation was committed by a person acting under the

14  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).[1]

15      **LEGAL CLAIMS**

16      Plaintiff alleges that the Internal Revenue Service ("IRS") denied him a stimulus

17  payment that he should have received pursuant to the CARES Act.

18      The complaint is dismissed with leave to amend to provide more information.  In

19  the brief complaint, plaintiff states that the IRS denied him stimulus funds because he is

20  ineligible due to his incarceration.  Complaint at 3.  However, plaintiff includes as an

21  exhibit, a form letter from the President of the United States stating that plaintiff will be

22  receiving a $1,200 check.  *Id.* at 4.  The letter is dated November 27, 2020, and includes

23  plaintiff's name and the address of his facility where he is incarcerated.  *Id.*  Thus, it

24  appears that defendant did provide plaintiff his stimulus funds.  In an amended complaint

25  plaintiff must clarify this discrepancy.  For example, plaintiff must specify if the IRS sent

26

27  [1] While this does not appear to be a § 1983 claim, plaintiff could perhaps proceed

28  pursuant to the Administrative Procedure Act.  However, more information about the
    nature of his claim is required.

2

plaintiff his check, but prison officials interfered.  Or if plaintiff is alleging that the IRS refused to provide him a check, he must provide more information regarding how he has knowledge of this information and why the IRS failed to provide the check.

In addition, plaintiff must demonstrate why this case should not be transferred to the Eastern District of California.  Plaintiff was incarcerated in that district when this occurred and he is still in that district.  Plaintiff also states that defendant is located in that district.  There does not appear to be any connection to this district.

## CONCLUSION

1.  The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed no later than **February 16, 2021**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to file amended complaint may result in dismissal of this action.

2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 12, 2021

 */s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California